UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:93-CR-60026-02** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JUNIUS CHARLES (02)** | |

**ORDER and REASONS**

Before the Court are two Letter Motions by Defendant Junius Charles [Doc. Nos. 300, 304], whereby Charles moves the Court to appoint counsel to assist him in seeking relief under section 403 of the First Step Act of 2018. Specifically, Mr. Charles seeks the assistance of counsel to aid him in drafting a motion "requesting that the United States Attorney . . . vacate one of the 924(c) convictions that was used to stack [his] sentence." [Doc. No. 304]. For the reasons that follow, the motions are DENIED.

In April of 1994, a jury found Charles guilty on one count of carjacking, in violation of 18 U.S.C. § 2119 (count I); two counts of possession of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (counts II and IV); one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (count III); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count VI); and one count of interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312 (count VII). In November of 1994, Charles was sentenced to a total term of imprisonment of 408 months (i.e. 34 years) as follows: 108 months imprisonment (concurrent) on counts I, III, VI, and VII, a consecutive 5-year mandatory term of imprisonment on count II, and a further consecutive 20-year mandatory term of imprisonment on count IV. The Fifth Circuit affirmed Charles's convictions

and sentence on appeal. *U.S. v. Charles*, 62 F.3d 395 (5th Cir. 1995). Thereafter, Charles moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the motion was denied on the merits.[1] Charles's subsequent applications to file successive § 2255 motions were denied by the Fifth Circuit.[2]

Because Charles has previously filed a federal habeas petition which was denied on the merits, he must first obtain permission from the United States Court of Appeals for the Fifth Circuit before he may again challenge his conviction or sentence in this Court. *See U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). As Charles has not presented the Court with the necessary authorization from the Fifth Circuit, this Court is without jurisdiction over Charles's motions. *Id.* (Because 28 U.S.C. § 2244(b)(3)(A) "removes jurisdiction over a . . . [successive habeas petition] from the district courts, it must by necessity also remove from the district courts' consideration motions for the appointment of counsel to file the particular claims over which the district courts lack jurisdiction.").

Accordingly, the motions for appointment of counsel [Doc. Nos. 300, 304] are DENIED, and the Clerk of Court is INSTRUCTED to close this case.

SIGNED this 30th day of May, 2019.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] *See* Doc. Nos. 228, 241, and 272 at 6-7.
[2] *See* Doc. Nos. 280, 290 and 295.